```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

GREGORY B. MYERS,

      Plaintiff,

v.                                    Case No: 2:23-cv-575-JES-KCD

CITY OF NAPLES, FLORIDA, a
Florida          Municipal
Corporation and NAPLES BEACH
CLUB  LAND  TRUST  TRUSTEE,
LLC, a Delaware limited
liability company, as
Trustee under the Land Trust
Agreement dates as of May
27, 2021,

      Defendants.

## OPINION AND ORDER

This matter came before the Court on review of the Notice of Removal (Doc. #8) filed on August 1, 2023. The Court issued an Order to Show Cause (Doc. #6) directing Mr. Myers to show cause why the case should not be remanded because Mr. Myers failed to attach any state court pleadings, and to show cause why the removal was proper as the plaintiff in the case. The Notice of Removal asserts jurisdiction based on 28 U.S.C. § 1452, 28 U.S.C. § 1334(b), and the pendency of Barbara Ann Kelly's bankruptcy petition. (Doc. #1.)

On August 31, 2023, Naples Beach Club Land Trust Trustee, LLC filed a Motion for Remand (Doc. #10) in response to the Notice of

Removal.  Defendant Naples Beach Club Land Trust Trustee, LLC argues that the Court lacks subject matter jurisdiction, the Court must abstain from hearing the proceedings, the Court should remand on equitable grounds, and the Notice of Removal is procedurally defective.  On September 14, 2023, plaintiff filed an Opposition to Motion for Remand (Doc. #13).

**I.**

On July 1, 2022, Mr. Myers filed a Complaint (Doc. #8) in state court identifying the City of Naples, Florida as the only defendant. (Doc. #7-1.)  Although not identified in the Complaint, Naples Beach Club Land Trust Trustee, LLC (the Land Trust) moved to intervene as a party-defendant, which request was granted by the state court on September 22, 2022.  (Doc. #7-1, p. 76.)  The Land Trust filed an Answer and Affirmative Defenses, and a Motion for Final Summary Judgment.  (Id. at pp. 93, 119.)  An Order Granting Final Summary Judgment and Final Judgment (Id. at p. 187) was issued on April 26, 2023.  This Order granted, without objection from the City of Naples or a response from Mr. Myers, summary judgment in favor of both defendants.  Plaintiff moved for Rehearing (id. at p. 192), but then sought to withdraw the Motion (id. at p. 268) asserting that the Final Judgment did not include the City of Naples, Florida or a summary judgment request, and

therefore claims remained to be adjudicated.[1]  On July 13, 2023, the state court found that the Land Trust was entitled to an award of attorneys' fees.  (Id. at p. 297.)  On July 12, 2023, the City of Naples moved for an Order *Nunc Pro Tunc* to include it in the Final Judgment.  (Id. at p. 272.)  On August 2, 2023, an Order Setting Hearing (id. at p. 300) was entered, setting a hearing on the City of Naples' motion for August 14, 2023.  On August 9, 2023, plaintiff filed a Notice of Filing of Notice of Removal (id. at p. 302) indicating that a Notice of Removal was filed on August 1, 2023.

## II.

On August 28, 2023, plaintiff filed a Response to Order to Show Cause (Doc. #9) arguing that removal is permitted because his wife Barbara Ann Kelly's bankruptcy case remains pending, and *she* has an interest in the property that is the subject of the state court action.  Mr. Myers is not an attorney, he does not purport to represent Ms. Kelly, and Ms. Barbara Ann Kelly is not a named party in this removed action.  Plaintiff argues that removal is related to Ms. Kelly's bankruptcy case and that the removal is timely because the automatic stay has not been lifted in *her* case.

---

[1] The attached hearing transcript indicates that the City of Naples joined the motion as in it had no opposition but did not move for summary judgment on its own behalf.  (Doc. #7-1, pp. 290-291.)

(Id. at ¶ 14.)  Further, Mr. Myers makes it clear that the removal is not related to his own bankuptcy filings in the District of Maryland or the Middle District of Florida.  (Id. at ¶ 12, n.1.) Plaintiff opposes remand because the property at issue in the state court action is the same property at issue in his wife's bankruptcy case, and argues the proceedings are "*inextricably* intertwined." (Doc. #13, p. 5.)

The removal of this case suffers from not only jurisdictional defects but a number of procedural defects which require remand. The case was untimely removed after summary judgment was granted and more than a year after the Complaint was filed in state court on July 1, 2022.  See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant"); 28 U.S.C. § 1446(c).  Even if timely, removal would have been improper because the statute only allows defendant(s) to remove a case, not the plaintiff who originally filed in in state court.   28 U.S.C. § 1441(a). Additionally, the federal court lacks jurisdiction because this case is not one 'arising under', 'related to', or 'arising in' Title 11.  See 28 U.S.C. § 1334.  By his own admission, the case has no bearing on *Mr. Myers'* bankruptcy cases, and therefore 28 U.S.C. § 1452 does not support removal.  There is no other basis for federal jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  Even if jurisdiction existed, the glaring procedural issues would require remand.  The case will be remanded forthwith.

Defendant seeks the imposition of fees, costs, and expenses incurred as a result of the removal.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford *defendants* a right to remove as a general matter, when the statutory criteria are satisfied."  Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Id. at 141.  "The process of removing a case to federal court and then having it remanded back to state court

delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the [defendants]." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005) (emphasis added).

This is not first improper removal by Mr. Myers of his own case from state court.  See Myers v. Naples Golf & Beach Club, Inc., No. 2:23-CV-13-JES-KCD, 2023 WL 2609041, at *1 (M.D. Fla. Mar. 23, 2023) (granting remand), reconsideration denied, No. 2:23-CV-13-JES-KCD, 2023 WL 3336488 (M.D. Fla. May 10, 2023), appeal filed, No. 23-11964 (June 12, 2023).  In the exercise of its discretion, the Court will not impose such fees, costs, or expenses in this case, but will consider such a request more favorably if plaintiff continues to improperly remove his own cases from state court.

Accordingly, it is hereby

**ORDERED:**

1. Naples Beach Club Land Trust Trustee, LLC filed a Motion for Remand (Doc. #10) is **GRANTED.**

2. The case is remanded to the Collier County Twentieth Judicial Circuit Court and the Clerk of the Court shall transmit a certified copy of this Order to the Clerk of

that Court.  The Clerk shall terminate all pending motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of September 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff Myers
Counsel of Record